UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

H.C., a minor, by and through his parent and natural guardian, Jenny C.; M.F., a minor, by and through his parent and natural guardian, Asisa Rolle; T.M., by and through his parent and natural guardian, Jessica Joiner, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

RIC BRADSHAW, Palm Beach County Sheriff, in his individual and official capacity; MICHAEL GAUGER, Chief Deputy of the Palm Beach County Sheriff's Office, in his individual capacity; ALFONSO STARLING, Corrections Operation Major for the Palm Beach County Sheriff's Office, in his individual capacity; FRANK MILO, Corrections Security Major for the Palm Beach County Sheriff's Office, in his individual capacity; SCHOOL BOARD OF PALM BEACH COUNTY,

Defendants.

_____/

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
## AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 23(b)(2) and Local Rule 23.1, Plaintiffs H.C., a minor, by and through his parent and natural guardian, Jenny C.; M.F., a minor, by and through his parent and natural guardian, Asisa Rolle; and T.M., by and through his parent and natural guardian, Jessica Joiner, on behalf of themselves and all others similarly situated, hereby move for certification of the following class:

> all present and future children (*i.e.* children under the age of eighteen and charged as adults) who are now or will be incarcerated in solitary confinement at the Palm Beach County Jail.

Plaintiffs also seek certification of the following subclasses:

a. all current and future children with disabilities, as defined by the Individuals with Disabilities Education Act, who are or will be held in solitary confinement at the Palm Beach County Jail and are in need of special education evaluation, instruction, accommodations, and related services ("IDEA Subclass"); and

b. all current and future children with disabilities, as defined by the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, who are or will be held in solitary confinement at the Palm Beach County Jail ("ADA and 504 Subclass").

Plaintiffs further move, under Federal Rule of Civil Procedure 23(g), for appointment of Cohen Milstein Sellers & Toll, Legal Aid Society of Palm Beach County, Inc., and the Human Rights Defense Center as class counsel.

## INTRODUCTION

Plaintiffs are juveniles held in solitary confinement at the Main Detention Center of the Palm Beach County Jail who are being confined and denied educational services in violation of the Eight and Fourteenth Amendments to the United States Constitution and, in some cases, denied services under the Individuals with Disabilities Education Act, American with Disabilities Act, or Section 504 of the Rehabilitation Act. In this action, Plaintiffs seek declaratory and prospective injunctive relief to prevent the continuing violation of their constitutional and statutory rights and the constitutional and statutory rights of those similarly situated.

## ARGUMENT

### I. Legal Standard

In deciding whether to certify a class, the district court has broad discretion. *Washington v. Brown & Williamson Tobacco*, 959 F.2d 1566, 1569 (11th Cir. 1992). The moving party must affirmatively demonstrate compliance with all of Rule 23's requirements. *Comcast Corp. v.*

*Behrend*, 133 S. Ct. 1426, 1432 (2013); *see also Valley Drug Co. v. Geneva Pharm.*, 350 F.3d 1181, 1187 (11th Cir. 2003) ("Rule 23 establishes the legal roadmap courts must follow when determining whether class certification is appropriate."). This includes all the explicit elements of Rule 23(a), and at least one of the subsections of Rule 23(b). *Valley Drug*, 350 F.3d at 1188.

Rule 23(b)(2) permits class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The sought-for relief must be specific and "describe in reasonable detail the act or acts that are enjoined." *Ala. Nursing Home Ass'n v. Harris*, 617 F.2d 385, 387-88 (5th Cir. 1980). "The key to [a] (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (quoting Nagareda, The Preexistence Principle and the Structure of the Class Action, 103 Colum. L. Rev. 149, 132 (2003)). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Id.*

"'Because the focus in a (b)(2) class is more heavily placed on the nature of the remedy sought, and because a remedy obtained by one member will naturally affect the others, the identities of individual class members are less critical in a (b)(2) action than in a (b)(3) action.'" *Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016), *cert. denied sub nom. City of Memphis, Tenn. v. Cole*, 137 S. Ct. 2220 (2017) (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 561 (3d Cir. 2015)). Indeed, as the advisory committee's notes to Rule 23 demonstrate, even classes "whose members are incapable of specific enumeration" can be certified under Rule 23(b)(2). *Shelton*, 775 F. 3d at 561 (emphasis removed). Because there is no need to provide notice or the right to opt-

Case 9:18-cv-80810-WM   Document 7   Entered on FLSD Docket 06/21/2018   Page 4 of 13

H.C., et al. v. Bradshaw, et al.
Page 4

out to members of a (b)(2) class, there is not the same need to precisely define or ascertain the class members as there is with a (b)(3) class. *See id.* at 562 (citing *In re Monumental Life Ins. Co.*, 365 F.3d 408, 413 (5th Cir. 2004)).

Class certification is a procedural issue, and the court's inquiry is limited to determining whether the putative class satisfies the requirements of Rule 23. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). In ruling on the motion for class certification, the court must take the substantive allegations of the complaint as true. *Drayton v. Western Auto Supply Co.*, No. 01-10415, 2002 WL 32508918, at *6 (11th Cir. Mar. 11, 2002) ("It, therefore, is proper to accept the substantive allegations contained in the complaint as true when assessing Rule 23 requirements.").

## II.     Plaintiffs Have Standing

Before reaching the Rule 23 element, Plaintiffs must show standing—a concrete and particularized harm, fairly traceable to the defendants' conduct, that may be redressed by a favorable decision. *Prado–Steiman v. Bush*, 221 F.3d 1266, 1280 (11th Cir. 2000); *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003). To "'have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1265 (11th Cir. 2001) (*quoting Wooden v. Board of Regents,* 247 F.3d 1262 (11th Cir. 2001)).

Here, each Plaintiff has standing to challenge Defendants' treatment of juveniles held in solitary confinement because each is currently experiencing such unconstitutional treatment or has experienced such treatment and is likely to again experience such treatment in the future.

Plaintiff H.C. is currently in solitary confinement at the Palm Beach County Jail, has been continuously held in solitary confinement for more than 7 months, and he has been excluded from receiving proper educational instruction and services during that time. (Comp. ¶10).

*Cohen Milstein Sellers & Toll, PLLC*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400  Facsimile (561) 515-1401*

Plaintiff M.F., who has a disability as defined by the ADA, Section 504 and IDEA, is currently detained at the Palm Beach County Jail and was held in solitary confinement for approximately six months, during which time he did not receive proper educational instruction and services. (Comp. ¶ 11). M.F. continues to be at risk of future solitary confinement and denial of proper educational instruction and services. (Comp. ¶ 11).

Plaintiff T.M., who has a disability as defined by the ADA, Section 504 and IDEA, is currently detained at the Palm Beach County Jail and was held in solitary confinement for approximately 20 days, during which time he did not receive proper educational instruction and services. (Comp. ¶ 12). T.M. continues to be at risk of future solitary confinement and denial of proper educational instruction and services. (Comp. ¶ 12).

In light of the foregoing, Plaintiffs have demonstrated they have standing to prosecute this action on behalf of the class and subclasses.

### III.    Rule 23(a) is Satisfied

For a class to be certified, the following requirements must be satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). As Plaintiffs demonstrate below, all four requirements of Rule 23(a) are easily met in this case.

#### a. The Number of Similarly Situated Juveniles is Numerous

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The Eleventh Circuit has held numerosity does not have a strict formula, but that

Case 9:18-cv-80810-WM   Document 7   Entered on FLSD Docket 06/21/2018   Page 6 of 13

H.C., et al. v. Bradshaw, et al.
Page 6

less than twenty-one is inadequate, while more than forty is adequate. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *see also Kilgo v. Bowman Transp.*, 789 F.2d 859, 878 (11th Cir. 1986) (affirming certification of class of at least thirty-one identifiable individuals, as well as unidentifiable future members). And Plaintiffs need only demonstrate "some evidence or reasonable estimate of the number of purported class members." *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 324 (S.D. Fla. 1996) (citations omitted).

Here, it is evident, even without the benefit of discovery, that numerosity is satisfied.[1] At any given time, all of the children incarcerated at the Palm Beach County Jail are at a significant risk of unconstitutional placement in solitary confinement and unlawful denial of educational services. On information and belief, as of May 31, 2018, there were 21 children held at the Palm Beach County Jail. Every month, additional putative class members cycle in and out of the Palm Beach County Jail.

Because prospective and permanent injunctive relief is sought for this Rule 23(b)(2) class, the proposed Plaintiff Class will also necessarily embrace juveniles who have not yet been placed in solitary confinement or have been released from solitary confinement, but have a likelihood of again being put in solitary at a later date. The inclusion of such individuals certainly makes joinder impracticable, militating in favor of certification. See *Braggs v. Dunn*, 317 F.R.D. 634, 653 (M.D. Ala. 2016) (collecting cases for the proposition that an injunctive relief class, which includes unknown individuals or unknown future members, satisfies the numerosity requirement). Thus, it is apparent the class is so numerous that joinder of all class members is impracticable.

---

[1] In an abundance of caution, Plaintiffs are filing this motion for class certification at the outset of their case, without the benefit of first conducting any discovery. Plaintiffs respectfully request the Court allow them to amend their motion after discovery has been completed.

### b. The Class Members Present Common Questions of Law and Fact

Rule 23(a)(2) requires the presence of issues of law and fact common to the class. The Eleventh Circuit has noted that this requirement is a "low hurdle." *Williams v. Mohawk Indus.*, 568 F.3d 1350, 1356 (11th Cir. 2009). It is met when a plaintiff alleges the defendant engaged in a course of conduct that affects all class members. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 685-86 (S.D. Fla. 2004). Even "'a single question of law or fact common to the members of the class will satisfy the commonality requirement.'" *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2556 (2011) (quoting Nagareda, The Preexistence Principle and the Structure of the Class Action, 103 Colum. L.Rev. 149, 176, n. 110 (2003)). That is the case here.

Common issues in this action include:

1. whether Defendants' policies and practices of placing children in isolation violate the Eighth Amendment;

2. whether Defendants' policies and practices of placing children in isolation violate the Fourteenth Amendment; and

3. whether Defendants have unlawfully denied educational services in violation of the class members' Fourteenth Amendment rights.

In addition, the subclasses present the following common issues:

1. whether Defendants' practice of locking children with mental health and/or intellectual disabilities in isolation violates the ADA and Section 504 of the Rehabilitation Act; and

2. whether Defendants have violated the putative subclass members' rights under the Individuals with Disabilities Education Act.

Case 9:18-cv-80810-WM Document 7 Entered on FLSD Docket 06/21/2018 Page 8 of 13

H.C., et al. v. Bradshaw, et al.
Page 8

Resolution of these common issues will "'generate common answers apt to drive the resolution of the litigation,'" *Dukes*, 131 S. Ct. at 2551 (quoting Nagareda, The Preexistence Principle and the Structure of the Class Action at n. 110) (emphasis removed), and resolve Plaintiffs' class and subclass claims "in one stroke." *Id*. Nothing more is necessary to demonstrate commonality. *See Braggs*, 317 F.R.D. at 656 (holding that to establish commonality plaintiffs were required only to show that policies and practices they challenged as unconstitutional were common and subjected class members to the same harm).

### c. Plaintiffs Present Typical Claims

Claims are typical when they all arise from the same event, pattern, or practice, and are based upon the same legal theory. *Kornberg v. Carnival Cruise Lines*, 741 F.2d 1332, 1337 (11th Cir. 1984). Class members' claims need not be identical; instead there need only exist a sufficient nexus between the legal claims of the named class representatives and class members. *Muzucco v. Re$ubmitIt, LLC*, 297 F.R.D. 504, 516 (S.D. Fla. 2013). The focus of the typicality inquiry is whether the class representative's interest is aligned enough with the proposed class members to stand in their shoes for purposes of the litigation and bind them in a judgment on the merits. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982) (citation omitted); *Kornberg* at 1337; *Vega v. T-Mobile USA*, 564 F.3d 1256, 1275 (11th Cir. 2009). "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Busby v. JRHBW Realty*, 513 F.3d 1314, 1322 (11th Cir. 2008). Like commonality, the "test for typicality . . . is not demanding." *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996).

Here, Plaintiffs' claims are typical of the claims of putative class members who are being or will likely be held in solitary confinement in violation of their constitutional rights.

Case 9:18-cv-80810-WM   Document 7   Entered on FLSD Docket 06/21/2018   Page 9 of 13

H.C., et al. v. Bradshaw, et al.
Page 9

Additionally, the claims of Plaintiffs seeking to represent the subclasses are typical of the putative members of the subclasses, who have been denied educational services while in solitary confinement despite suffering from one or more disabilities. By proving their case, Plaintiffs will establish the elements necessary to prove the case of each putative class and subclass member. This is sufficient to satisfy the requirement of typicality. *See Brooks v. Southern Bell Tel. & Tel. Co.*, 133 F.R.D. 54, 58 (S.D. Fla. 1990).

### d. Plaintiffs and their Counsel Will Adequately Represent the Class

Rule 23(a)(4) requires that parties fairly and adequately protect the interests of the class. This means demonstrating (1) no substantial conflicts of interest exist between the representatives and the class, and (2) the representatives and their counsel will adequately prosecute the case. *Valley Drug*, 350 F.3d at 1189. For there to be a substantial conflict, the economic interests and objectives of the named representatives must differ significantly from those of other class members, such as where a defendant's alleged conduct has benefitted some class members, but harmed others. *Id.*

Here, none of the Plaintiffs have any conflicts of interest—all are seeking to invalidate the same conduct. Plaintiffs and the class and subclass members share a common goal—an end to the unconstitutional and unlawful treatment of juveniles in solitary confinement in Palm Beach County. The relief sought by Plaintiffs will benefit the entire class and subclasses in the same manner.

Furthermore, Plaintiffs are represented by counsel that will adequately prosecute the case. Cohen Milstein has been class counsel in hundreds of cases.[2] The Legal Aid Society of Palm Beach

---

[2] *See, e.g., Hankinson et al v. R.T.G. Furniture Corp.*, No. 9:15-CV-81139 (S.D. Fla); *HEMT MBS Litigation*, No. 1:08-cv-05653 (S.D. NY); *In re Urethane Antitrust Litigation (Polyether Polyol*

County, Inc., has previously litigated class action cases[3], and provides decades of experience in education law advocacy and litigation, particularly in Palm Beach County. The Human Rights Defense Center ("HRDC") litigates constitutional challenges around the country on behalf of prisoners.[4] Absent specific proof to the contrary, the adequacy of counsel is presumed. *Sanchez-Knutson v. Ford Motor Corp.*, 310 F.R.D. 529, 540 (S.D. Fla. 2015).

---

*Cases*) (D. Kan.); *RALI MBS Litigation*, No. 08-8781 (S.D. NY); *In re: Bear Stearns Mortgage Pass-Through Certificates Litigation,* No. 08-08093 (S.D. NY); *In Re Electronic Books Antitrust Litigation*, No. 11-md-02293 (S.D. NY).

[3] *Hernandez v. Medows*, 209 F.R.D. 665 (S.D.Fla.2002) (obtaining notice and hearing rights for Florida Medicaid recipients with claims for prescription medicine rejected at the pharmacy); *Bonnie L. v. Bush* (also known as *31 Foster Children v. Bush*) 180 F. Supp. 2d 1321 (S.D. Fla. 2001), aff'd in part and vacated in part, 329 F.3d 1255 (11th Cir. 2003), cert. denied, 540 U.S. 984 (2003).

[4] HRDC's attorneys and staff have testified before the U.S. Congress and state legislatures on prison-related topics and have submitted comments to numerous public agencies including the Federal Communications Commission, the National Prison Rape Elimination Commission, the Civil Rights Commission, the U.S. Department of Justice and the Consumer Financial Protection Bureau. HRDC's litigation project has been involved in prisoner rights cases across the United States both as lead and co-counsel on issues ranging from consumer class actions and public records litigation to wrongful death and prison conditions cases. Accordingly, the attorneys at HRDC have extensive experience litigating federal court actions against state and federal correctional facilities, government officials and private actors and have developed specific expertise on issues related to the operation of prisons and jails, as well as the current scope of litigation concerning the rights of prisoners. HRDC also files *amicus curiae* briefs at both the Circuit court and U.S. Supreme Court in other important cases that have a potential to affect prisoners, their families and the rest of society (*i.e.* police misconduct, medical care, immunity issues, etc.). The following is a list of some of the representative cases HRDC has been involved: *Reichert v. Keefe Commissary*, 3:17-cv-05848-RBL (W.D. Wash. 2017); *Brown v. Stored Value Cards, Inc.*, 3:15-cv-01370-MO (D. Or. 2015); *Reyes v. JPay, Inc.*, 2:18-cv-00315 (C.D.Cal. 2018); *Prison Legal News v. Lehman*, 397 F.3d 692 (9th Cir. 2005); *Prison Legal News v. Washington State Department of Corrections*, Case No. 0:2000-cv-35095 (9th Cir. 2001); *Prison Legal News v. Cook*, 238 F.3d 1145 (9th Cir.2001); *Prison Legal News v. Simmons* (*sub nom* Jacklovich), 392 F.3d 420 (10th Cir. 2004); *Prison Legal News v. Schwarzenegger*, 561 F.Supp.2d 1095 (N.D. Cal. 2008); *Prison Legal News v. Lappin*, 436 F. Supp.2d 17 (D.D.C 2006); *Pope v. E.Z. Card & Kiosk, Case No.* 9:15-cv-80628 (S.D.Fla. 2015)*; Nunuha v. Corrections Corporation of America, 1:12-cv-00147* (D.Haw. 2012)*; Prison Legal News v. Bureau of Prisons,* 1:14-cv-00683 (D.D.C. 2014).

### IV. Rule 23(b)(2) is Satisfied

Rule 23(b)(2) allows for class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Generally applicable" means that "the party opposing the class has acted in a consistent manner towards members of the class so that [its] actions may be viewed as part of a pattern of activity . . . to all members." *Leszczynski v. Allianz Ins.*, 176 F.R.D. 659, 673 (S.D. Fla. 1997). This is sometimes referred to as "cohesiveness." *Barnes v. Am. Tobacco Co.*, 176 F.R.D. 479, 488 (E.D. Pa. 1997) ("When a court determines whether the defendant 'has acted or refused to act on grounds generally applicable to the class,' the court is perforce examining whether the class is cohesive in nature.").

"Subsection (b)(2) was 'intended primarily to facilitate civil rights class actions, where the class representatives typically sought broad injunctive relief against discriminatory practices.'" *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (quoting *Penson v. Terminal Transport Co.*, 634 F.2d 989, 993 (5th Cir. 1981)). "The very nature of a (b)(2) class is that it is homogeneous without any conflicting interests between the members of the class." *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 256 (3d Cir.), *cert. denied*, 421 U.S. 1011 (1975).

Here, Plaintiffs' challenge to the unconstitutional and unlawful treatment of juveniles held in solitary confinement in Palm Beach County Jail falls squarely within the ambit of Rule 23(b)(2). Plaintiffs seek declaratory and prospective injunctive relief to remedy the same unconstitutional and unlawful wrongs committed against the entire class and subclasses. And, as set forth above, there are no conflicting interests between Plaintiffs and members of the class or subclasses because they all seek the same relief against this unconstitutional and unlawful treatment. *See Henderson*

*v. Thomas*, 289 F.R.D. 506, 512 (M.D. Ala. 2012) ("Rule 23(b)(2) certification is appropriate for plaintiffs seeking prospective relief for the class as a whole."). Accordingly, the requirements of Rule 23(b)(2) are easily met.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Class Certification and enter an order certifying the proposed class and subclasses under Rule 23(b)(2). Additionally, Plaintiffs request that the Court appoint Cohen Milstein Sellers & Toll, Legal Aid Society of Palm Beach County, and the Human Rights Defense Center as class counsel under Federal Rule of Civil Procedure 23(g).

Dated: June 21, 2018.                                       Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL, PLLC
2925 PGA Boulevard, Ste. 200
Palm Beach Gardens, FL 33410

  /s/ Theodore J. Leopold
Theodore J. Leopold, Esq.
Florida Bar No. 705608
tleopold@cohenmilstein.com
Diana L. Martin. Esq.
Florida Bar No. 624489
dmartin@cohenmilstein.com
Telephone: 561-515-1400
Facsimile: 561-515-1401

LEGAL AID SOCIETY OF PALM BEACH CO., INC.
EDUCATION ADVOCACY PROJECT
423 Fern St., Ste. 200
West Palm Beach, FL 33401

  /s/ Melissa Duncan
Melissa Duncan, Esq.
Florida Bar No. 0796921
mduncan@legalaidpbc.org
Telephone: (561) 655-8944, ext. 243
Facsimile: (561) 655-5269

**HUMAN RIGHTS DEFENSE CENTER**
P.O. Box 1151
Lake Worth, FL 33460

 /s/ Sabarish P. Neelakanta
Sabarish P. Neelakanta, Esq.
Florida Bar No. 26623
sneelakanta@hrdc-law.org

**Attorneys for Plaintiffs**


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Melissa Duncan
By: Melissa Duncan, Esq.

**By Electronic Mail**

Lisa Rubin, Esq.
Palm Beach County Sheriff's Office
rubinl@pbso.org

Julie Ann Rico, Esq.
General Counsel, Palm Beach County School District
Julieann.rico@palmbeachschools.org

*Attorneys for the Defendants*