## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Civil No. 18-cv-80810 – Dimitrouleas/Matthewman

H.C., a minor, by and through his parent and natural
guardian, Jenny C.; M.F., a minor, by and through his
parent and natural guardian, Asisa Rolle; T.M., by and
through his parent and natural guardian, Jessica Joiner, on
behalf of themselves and all others similarly situated,

Plaintiffs,

v.

RIC BRADSHAW, Palm Beach County Sheriff, in his
individual and official capacity; MICHAEL GAUGER,
Chief Deputy of the Palm Beach County Sheriff's Office,
in his individual capacity; ALFONSO STARLING,
Corrections Operation Major for the Palm Beach County
Sheriff's Office, in his individual capacity; FRANK
MILO, Corrections Security Major for the Palm Beach
County Sheriff's Office, in his individual capacity;
SCHOOL BOARD OF PALM BEACH COUNTY.

Defendants.

FILED by _____ D.C.

**JUL 1 3 2018**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### AGREED HIPAA QUALIFIED PROTECTIVE ORDER

**THIS CAUSE** came on to be heard upon Plaintiffs, H.C. a minor, by and through his

parent and natural guardian, Jenny C.; M.F., a minor, by and through his parent and natural

guardian, Asisa Rolle; and T.M., a minor, by and through his parent and natural guardian,

individually and on behalf of a class of persons similarly situated (collectively, "Plaintiffs"),

Defendants, Ric Bradshaw, Palm Beach County Sheriff in his individual and official capacity,

Michael Gauger, Chief Deputy of the Palm Beach County Sheriff's Office, Alfonso Sterling,

Corrections Operations Major, and Frank Milo, Corrections Security Major, in their individual

1

capacities, and the School Board of Palm Beach County (collectively, "Defendants") Joint Motion for the Entry of an Agreed HIPAA Qualified Protective Order [DE 28] to facilitate the exchange, disclosure, and use at trial or other hearing of Protected Health Information (PHI) pertaining to current and former prisoners of the Palm Beach Sheriff's Office (PBSO). Being advised that Plaintiffs and Defendants (collectively, "the Parties") have agreed to the entry of this Order, and after reviewing the file and finding good cause for the entry of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      In accordance with the requirements of the regulations promulgated under the

Health Insurance Portability and Accountability Act of 1996 (HIPAA), specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), the Court hereby enters a HIPAA Qualified Protective Order, as that term is defined in the foregoing regulations.  In addition to the foregoing federal laws and regulations, this Order is entered to ensure compliance with applicable state laws and regulations governing patient privacy and protecting healthcare information, including without limitation, Florida Statutes § 626.9651.

2.      For purposes of this Order, the term Protected Health Information (PHI) shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3.         All "covered entities" (as defined by 45 C.F.R. § 160.103), and all physicians, nurses, technicians and any other health care provider who was or is involved with the health care or treatment of any current or former PBSO prisoner (and any agent or employee of the foregoing), are hereby authorized to disclose PHI pertaining to any current or former PBSO prisoner.   Such persons may disclose such PHI to any party to this action or to any party's attorney (including the agents and employees of the parties and their attorneys).

All parties and their attorneys (including the agents and employees of the parties and their attorneys) are hereby authorized through discovery to receive, subpoena, and transmit PHI pertaining to any current or former PBSO prisoner.

5.         The recipients of PHI under this Order shall be permitted to use the PHI solely for matters reasonably connected with this litigation.   This includes, but is not limited to disclosure to the presiding judge and the judge's support staff, the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff and consultants), the parties' insurers, experts, consultants, court reporters and copy services.   Further, PHI may be filed with the Court or presented at trial to the Judge and the Judge's support staff, the jury, court reporters, translators, the parties, and their attorneys of record, subject to the Court's admissibility rulings.   Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), except as provided herein, the recipients of PHI shall not use or disclose the PHI for any purpose other than this litigation.   Before disclosing PHI information, a party shall stamp each document containing PHI information with the following stamp: "Protected Health Information Subject to HIPAA Qualified Protective Order."

6.      Prior to disclosing PHI to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the PHI for any purpose other than this litigation.  This shall include, but not be limited to, informing each such person that the PHI may not be used or disclosed for any purpose other than this litigation.

7.      Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days from the conclusion of these proceedings, any recipient of PHI under this Order shall either return the PHI to the covered entity that provided it or destroy the PHI (including all copies made). For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, or the expiration of time for any party to seek further appellate review.

8.      Nothing in this Order shall preclude either party from asserting any objection to the relevance, discoverability, admissibility, or privileged nature of the PHI authorized to be disclosed by this Order.  The Parties may seek additional protection from the disclosure and use of any documents and information for which they believe this Order does not provide adequate protection or with respect to documents and information which they believe are not subject to disclosure pursuant to applicable statutes, rules, regulations or other applicable law.

9.      This Order does not control or limit the use of PHI that was received by means other than through this Order (for example, through consent of the individual or through a public records request).

**ORDERED AND ADJUDGED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 13th day of July, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge